**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| OMAN FASTENERS, LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Court No. 22-00348 <br> ) |
| UNITED STATES, | ) <br> ) |
| Defendant. | ) <br> ) |

**UNOPPOSED MOTION TO EXPEDITE BRIEFING OF OMAN FASTENERS'**
**MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff Oman Fasteners respectfully moves to expedite the briefing on its Motion for Preliminary Injunction ("PI Motion"), and respectfully requests that this Court resolve that Motion as soon as possible. As explained below and in the Motion, Commerce has unlawfully imposed a draconian 154.33% duty rate on Oman Fasteners' products, and every day that rate remains in place imposes severe additional harm on the company.

On Friday, December 23, 2022, Kelly Geddes, a trial attorney in the U.S. Department of Justice who has been assigned as counsel for Defendant in this action, indicated that Defendant does not oppose Oman Fasteners' proposed briefing schedule.

This Court's Rule 65(e) provides that it will "expedite{ } in every way" "{m}otions seeking temporary or preliminary injunctive relief." And this Court has the inherent authority to expedite its proceedings in the interests of justice. *See, e.g.*, *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (Federal courts have "the inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936))); *Groves v. McDonough*, 34 F.4th 1074, 1079–80 (Fed. Cir. 2022).

1

This Court should exercise its authority to expedite the briefing of the PI Motion to limit the severe, ongoing, and irreparable harm caused by Commerce's unlawful actions. As explained in the Memorandum in Support of the PI Motion, because of the Commerce's decision, Oman Fasteners "has already had to cease *all U.S. shipments* of {its} products {subject to antidumping duties}," which are "the lifeblood of its operations." *Id.* at 33 (emphasis added). "Unless it can quickly resume U.S. sales, and maintain them during the pendency of this case, Oman Fasteners will face insolvency through default on its existing financial obligations," or, "{a}t best … will suffer crippling and irreparable harm to its operational capacity, customer relationships, and business reputation." *Id.* at 33-34. Every day that Commerce's unlawful final action remains in place imposes significant additional harm. And without expedited treatment of this case, Oman Fasteners will likely be driven out of business before this Court can hear this case on the merits.

Oman Fasteners has treated this case with the urgency that it warrants. The company filed its summons and complaint on Friday, December 23, 2022, the day after Commerce published its decision in the Federal Register, and filed its preliminary injunction motion on the following Monday, December 26, notwithstanding the Christmas holiday. Oman Fasteners proposes—and Defendant does not oppose—the following expedited briefing schedule for the Motion:

| **Filing** | **Current Briefing Schedule** | **Proposed Briefing Schedule** |
|---|---|---|
| Commerce's Opposition Brief | Jan. 16, 2023 | Jan. 10, 2023 |
| Oman Fasteners' Reply | Feb. 6, 2023 | Jan. 17, 2023 |

Oman Fasteners also respectfully requests that this Court set this case for a hearing on the PI Motion as soon as possible, preferably within the month of January.

## CONCLUSION

For the reasons stated, this Court should grant this motion to expedite the briefing of Oman Fasteners' PI Motion.

| | |
|---|---|
| Dated: December 26, 2022 | /s/ Michael R. Huston |
| | Michael R. Huston |
| | Michael P. House |
| | Andrew Caridas |
| | **Perkins Coie LLP** |
| | 700 Thirteenth St., NW |
| | Washington, D.C. 20005 |
| | 202-654-6200 |
| | mhuston@perkinscoie.com |
| | |
| | *Counsel for Oman Fasteners* |