# UNITED STATES COURT OF INTERNATIONAL TRADE
## Hon. M. Miller Baker

| | |
|---|---|
| OMAN FASTENERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00348 |
| UNITED STATES, | ) |
| Defendant. | ) |

### OMAN FASTENERS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION FOR EXTENSION OF TIME

Plaintiff Oman Fasteners, LLC ("Oman Fasteners") respectfully submits this opposition to Defendant-Intervenor Mid Continent Steel & Wire, Inc.'s ("Mid Continent") Partial Consent Motion for Extension of Time to File Opposition to Plaintiff's Motion for Preliminary Injunction and Replies Thereto.

Only in an exceedingly rare case would undersigned counsel not support an opposing party's request for an extension of time. But because the continued existence of Oman Fasteners hangs precariously in the balance, and because the ten-day extension proposed by Mid Continent would compound Oman Fasteners' substantial ongoing irreparable harm,

this is that rare case. For that reason, the Court should deny Mid Continent's motion and leave in place the expedited briefing schedule already established by this Court and agreed to by the Government.

The urgency of this matter is well documented in Oman Fasteners' prior submissions to the Court, including its Motion for Preliminary Injunction (ECF Nos. 15, 18, 36, 38) and its Unopposed Motion to Expedite Briefing (ECF No. 16)—which this Court granted on December 28, 2022 (ECF No. 24). Any delay of this Court's decision on a preliminary injunction decreases the chances of Oman Fasteners' survival until a final decision on the merits. And any delay would materially increase the additional irreparable harm that Oman Fasteners: loss of production capacity, loss of goodwill and customer relationships, and loss of millions of dollars in unrecoverable lost revenue. The Department of Commerce's final results currently prevent Oman Fasteners from shipping *any* subject merchandise to the United States, and the massive resulting harm grows every day.

This urgency is why Oman Fasteners filed this case on Friday, December 23, 2022, one day after this Court obtained jurisdiction pursuant to 28 U.S.C. § 1581(c), and why Oman Fasteners filed its preliminary

injunction brief on the following Monday, December 26, 2022, notwithstanding the Christmas holiday. Notably, Oman Fasteners filed its brief only seven days (including Christmas weekend) after first learning of the Department of Commerce's final results on December 19, 2022.[1] The Government recognized this urgency in agreeing to the expedited schedule imposed by the Court. Weighed against the threat of massive irreparable harm to Oman Fasteners, any inconvenience to Mid Continent's counsel due to the expedited briefing schedule must come second.

Moreover, Mid Continent exaggerates the impact of any delay that it experienced in receiving access to the confidential materials in this action. The only substantive portion of Oman Fasteners' filing that was submitted confidentially is the declaration of Oman Fasteners' President and C.E.O. Steve Karaga, and the related discussion in Oman Fasteners' preliminary injunction brief regarding the irreparable harm to Oman Fasteners in the absence of an injunction. That amounts to less than two pages of Oman Fasteners' 69-page preliminary injunction brief. In any event, to the extent

---

[1] While Commerce's 7-page pre-publication Federal Register Notice and 21-page Issues and Decision Memorandum are dated December 16, 2022, per Commerce's usual process, they were only released to the parties and public on the afternoon of the following business day, December 19, 2022.

that Mid Continent required immediate access to that limited confidential information, it could have reached out to Oman Fasteners and requested the same. It did not do so.

The other obligations of Mid Continent's recently retained counsel reflect a problem of Mid Continent's own making. Mid Continent participated fully in the administrative review underlying this appeal, including the briefing and hearing on the precise issues presently before this Court. Based on representations made by Oman Fasteners in those proceedings, Mid Continent was well aware that Oman Fasteners would need to take an immediate appeal to this Court and to seek immediate relief. Mid Continent is certainly entitled to change its counsel in this Court if it wishes, and to wait until December 29, 2022, to do so. But Mid Continent cannot use those choices as an excuse to cause further irreparable harm to Oman Fasteners. In retaining new counsel on December 29, 2022, Mid Continent surely considered whether its chosen counsel was prepared to comply with the expedited briefing schedule that had already been ordered by this Court a day earlier.

Moreover, Mid Continent's "new" counsel is hardly unfamiliar with the underlying antidumping case. This same counsel represented Mid

Continent in the original antidumping investigation that resulted in the antidumping order on *Certain Steel Nails from the Sultanate of Oman*, 80 Fed. Reg. 39,994 (July 13, 2015), in the first four administrative reviews of that order, and in all of Mid Continent's prior challenges to those proceedings in this Court (Court Nos. 15-214, 18-25, and 18-244) and in the Federal Circuit (Court Nos. 18-1296 and 23-1039). Indeed, the same counsel prepared the 2014 antidumping petition that proposed the discredited 154.33% dumping margin that the Department of Commerce selected here. Counsel is hardly unfamiliar with the case.

Finally, Mid Continent acknowledges that it received even the limited confidential material in this case seven days before it was due to respond to Oman Fasteners' Motion for Preliminary Injunction. That is the same amount of time that Oman Fasteners took to prepare that motion after receiving the unpublished version of Commerce's results. And it is the same time that Oman Fasteners will have to reply to both Mid Continent's and the Government's responsive briefs under the expediting schedule ordered by this Court. Given the vital interests at stake, it is not an undue burden for Mid Continent to meet the existing schedule that was known and in place when it retained counsel nearly a week ago.

-6-

Accordingly, Oman Fasteners respectfully requests that this Court deny Mid Continent's motion and maintain the briefing schedule agreed to by the parties prior to Mid Continent's decision to intervene.

| | |
|---|---|
| Dated:     January 4, 2023 | /s/ Michael R. Huston<br>Michael R. Huston<br>Michael P. House<br>Andrew Caridas<br>**Perkins Coie LLP**<br>700 Thirteenth St., NW<br>Washington, D.C. 20005<br>202-654-6200<br>mhuston@perkinscoie.com<br><br>*Counsel for Oman Fasteners* |