UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | |
|---|---|
| OMAN FASTENERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-00348 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MID CONTINENT STEEL & WIRE, ) | |
| INC., ) | |
| ) | |
| Defendant-Intervenor. ) | |

_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST TO PRESENT LIVE TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR A CONTINUANCE OF THE HEARING DATE**

Pursuant to Rule 7(b) of the Rules of the U.S. Court of International Trade, defendant, the United States, hereby moves for an order denying Oman Fastener's request to present live witness testimony, or in the alternative, for a two-week continuance of the hearing, currently scheduled for January 23, 2023, to give the Government sufficient time to depose the witness and prepare for cross-examination.

On December 23rd, 2022, counsel for plaintiff Oman Fasteners, LLC asked defendant whether it would consent to a motion for an expedited briefing schedule. Out of professional courtesy, we agreed to the expedited schedule, but noted that we did not concede that the legal standards justifying an expedited schedule had been satisfied. At no time while we were conferring on the proposed schedule did counsel for Oman Fasteners indicate that it intended to present live witness testimony. Had it done so, we would have sought to negotiate a different schedule and/or filed a response to the motion for an expedited schedule.

On December 28th, the Court's case manager inquired by email whether plaintiff intended to call any live witnesses in support of its motion. *See* Exhibit 1. Plaintiff confirmed, on December 30th, that it did not. *Id.* Counsel for the defendant prepared our response in opposition to the motion for a preliminary injunction on the assumption that the only evidence that Oman Fasteners intended to submit was already attached to its motion.

On January 12th, 2023, with only five business days remaining before the hearing, and without conferring with us, plaintiff notified the

Court's case managers that it now wishes to call a live witness at the hearing, Steve Karaga, in support of its motion. *See* Exhibit 1. We respectfully submit that allowing witness examination at this late stage of proceedings will prejudice the Government.

To be clear, we do not, as a general matter, oppose the introduction of live testimony at a preliminary injunction hearing. Rather, had we known of Oman Fasteners' desire to elicit direct testimony at a hearing, we would have taken steps to prepare, including deposing the witness. We will not, however, have time to depose the witness in the five business days available and will therefore be unable to prepare for meaningful cross-examination.[1]

Plaintiff explained in its email to the Court that its change in position results from our brief, which relied upon well-established authority to argue that the Court should not grant a preliminary injunction based solely on declarations and materials prepared by an

---

[1] In addition to preparing for the argument on the legal issues in this case, undersigned counsel is responsible for presenting oral argument before the Court of Federal Claims in *Abacus Technology Corporation v. United States*, Case No. 22-00388, on January 19, 2023, and will need to dedicate sufficient time for preparing for that argument as well. It is neither practicable nor fair for us to depose Mr. Karaga in the remaining four business days between now and the scheduled hearing.

3

interested party, but rather should require plaintiff to produce independent sources to corroborate its claims, or to at least present a witness for cross-examination. *See* ECF No. 47 at 14.

However, plaintiff should not be given a second opportunity to bolster its claims now that it has reviewed the Government's arguments. Allowing plaintiff to do so after we have submitted our brief, and requiring us to respond blindly to Mr. Karaga's testimony without the benefit of a prior deposition, invites the kind of "trial by ambush" not condoned in our judicial system. *See, e.g.*, *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998). Rather, it was plaintiff's obligation to support its motion with sufficient evidence in the first instance so that we had a full and fair opportunity to respond to that evidence. The Government had only nine business days to formulate its arguments and prepare its brief. We did so under the assumption that it was responding to the arguments and the evidence plaintiff had filed in support of its motion. We would be greatly prejudiced if it had to respond to new, unanticipated evidence at the hearing, in the form of a witness that we have not had an opportunity to depose.

Accordingly, we respectfully request that the Court should find that Oman Fasteners waived its opportunity to present live testimony in support of its motion when it affirmed on December 30th, 2022 that it would not call any such witnesses. In the alternative, we request that the Court continue the hearing on the preliminary injunction motion until a date on or after February 6, 2023, in order to give us sufficient time to depose the witness and prepare for a meaningful cross-examination. On January 13, 2023, Counsel for the Government has conferred with counsel for plaintiff, Michael Huston, who stated that it would oppose an enlargement.

In the event that the Court permits the witness to testify on January 23rd, 2023, we request that at a minimum, the testimony be limited to the statements made in Mr. Karaga's declaration, ECF No. 36-2. Further, we request that plaintiff be precluded from introducing any additional documentary evidence in support of its motion, or relying upon any documentary evidence that was not attached to the original motion for a preliminary injunction, which we would similarly not have a meaningful opportunity to respond to.

Finally, should testimony be received at the January 23, 2023 hearing, we do not object to the general order of proceedings proposed by the plaintiff in its January 12, 2023 email.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiff's request to introduce live testimony, or in the alternative, to continue the hearing to a date on or after February 6, 2023.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant
    Attorney General

    PATRICIA M. McCARTHY
    Director

    <u>s/ Tara K. Hogan</u>
    TARA K. HOGAN
    Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>IAN A. MCINERNEY<br>Attorney<br>Department of Commerce<br>Office of the Chief Counsel<br>    for Trade Enforcement<br>    & Compliance | s/ Kelly M. Geddes<br>KELLY M. GEDDES<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 451-7664<br>E-mail: Kelly.Geddes2@usdoj.gov |
| January 13, 2023 | Attorneys for Defendant |

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OMAN FASTENERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00348 |
| THE UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| MID CONTINENT STEEL & WIRE, INC., | ) |
| Defendant-Intervenor. | ) |

## **ORDER**

Upon consideration of the request to present a live witness by plaintiff, Oman Fasteners, LLC, defendant's opposition thereto, and all other pertinent papers, it is hereby

ORDERED that Plaintiff's request is DENIED.

SO ORDERED.

_____
Judge

Dated: _____, 2023
   New York, New York

# Exhibit 1

**Geddes, Kelly (CIV)**

| | |
|---|---|
| **From:** | Casey Cheevers <Casey_Cheevers@cit.uscourts.gov> |
| **Sent:** | Friday, January 13, 2023 9:17 AM |
| **To:** | Huston, Michael (WDC) |
| **Cc:** | Geddes, Kelly (CIV); Ian McInerney; Hogan, Tara (CIV); Caridas, Andrew (WDC); House, Michael P. (WDC); Adam Gordon |
| **Subject:** | RE: 22-00348 Oman Fasteners, LLC v. United States |

Dear Mr. Huston,

In response to your email, the court will hear live testimony from Mr. Karaga and any other witnesses that the parties wish to call, and invites the government and the defendant-intervenor to comment on the format proposed by plaintiff. Unless otherwise informed, the court presumes that this hearing should be closed to the public due to possibility of testimony implicating BPI.

Sincerely,

Casey Anne Cheevers
Case Manager
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278
(212) 264-1615

---

**From:** Huston, Michael (WDC) <MHuston@perkinscoie.com>
**Sent:** Thursday, January 12, 2023 7:13 PM
**To:** Casey Cheevers <Casey_Cheevers@cit.uscourts.gov>; Geoffrey Goell <Geoffrey_Goell@cit.uscourts.gov>
**Cc:** kelly.geddes2@usdoj.gov; Ian McInerney <Ian.McInerney@trade.gov>; Hogan, Tara (CIV) <Tara.Hogan@usdoj.gov>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>; House, Michael P. (WDC) <MHouse@perkinscoie.com>; Adam Gordon <adam.gordon@bristolgrouplaw.com>
**Subject:** RE: 22-00348 Oman Fasteners, LLC v. United States

**CAUTION - EXTERNAL:**

Dear Ms. Cheevers and Mr. Goell,

On December 30, in response to the Court's question, we stated that we did not intend to call live witnesses at the hearing on the motion for a preliminary injunction. We concluded then that no live witnesses were necessary because our client's CEO, Steve Karaga, has submitted a detailed declaration with several exhibits in support of the motion.

1

The government's brief in opposition to our motion has now asserted, however, that the Court cannot grant our motion unless we make our witness available for cross examination. *See* Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction 14 (arguing that, "without even reaching the substance of Oman Fasteners' evidence, the Court should deny the [preliminary injunction] motion … [a]bsent support such as independent sources or witnesses available for cross-examination"). We disagree with the government's argument that live witnesses are required to obtain a preliminary injunction as a matter of law. But regardless, in light of the government's new assertion that cross examination is necessary in this proceeding, we wish to make Mr. Karaga available to testify live in person regarding the substance of his declaration.

We therefore respectfully propose that the hearing on the motion proceed in the following format:

- Opening statements for Oman Fasteners, the Government, and the Intervenor, limited to 5 minutes each.
- Examination of Mr. Karaga by counsel. (Direct examination by Oman Fasteners; cross-examination by the Government and Intervenor; re-direct examination.)
- Examination of any other witnesses that may be called by the parties.
- Oral argument on the motion for a preliminary injunction from Oman Fasteners, the Government, and the Intervenor, with a brief reply from Oman Fasteners.

I would be grateful if you could please let us know whether the Court will permit Mr. Karaga to testify and be cross-examined during the hearing.

Thank you for your assistance.

Michael


**Michael Huston** | **Perkins Coie LLP**
**PARTNER – Appeals, Issues & Strategy**
Washington, D.C.
202.434.1630
MHuston@perkinscoie.com

---

**From:** House, Michael P. (WDC) <MHouse@perkinscoie.com>
**Sent:** Friday, December 30, 2022 11:01 AM
**To:** Geoffrey Goell <Geoffrey_Goell@cit.uscourts.gov>
**Cc:** kelly.geddes2@usdoj.gov; Ian McInerney <Ian.McInerney@trade.gov>; Hogan, Tara (CIV) <Tara.Hogan@usdoj.gov>; Huston, Michael (WDC) <MHuston@perkinscoie.com>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>
**Subject:** RE: 22-00348 Oman Fasteners, LLC v. United States

Dear Mr. Goell,

Further to my earlier email and that of my colleague Andrew Caridas, I want to emphasize that we prefer an in-person hearing before the Court on our Motion for Preliminary Injunction, and we would respectfully make that request of the Court. Please let me know if such request should be made by motion.

Sincerely,
Michael House


**Michael House** | **Perkins Coie LLP**
**PARTNER**
700 Thirteenth Street, N.W. Suite 800

Washington, DC 20005-3960
D. +1.202.654.6288
F. +1.202.654.9667
E. MHouse@perkinscoie.com

---

**From:** House, Michael P. (WDC)
**Sent:** Friday, December 30, 2022 10:12
**To:** Geoffrey Goell <Geoffrey_Goell@cit.uscourts.gov>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>; Huston, Michael (WDC) <MHuston@perkinscoie.com>
**Cc:** kelly.geddes2@usdoj.gov; Ian McInerney <Ian.McInerney@trade.gov>; Hogan, Tara (CIV) <Tara.Hogan@usdoj.gov>
**Subject:** RE: 22-00348 Oman Fasteners, LLC v. United States

Dear Mr. Goell,

On behalf of plaintiff Oman Fasteners, LLC, we confirm that we do not intend to call any live witnesses to testify on our Preliminary Injunction motion.

Sincerely,
Michael House
Counsel to Oman Fasteners, LLC



**Michael House | Perkins Coie LLP**
PARTNER
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
D. +1.202.654.6288
F. +1.202.654.9667
E. MHouse@perkinscoie.com

---

**From:** Geoffrey Goell <Geoffrey_Goell@cit.uscourts.gov>
**Sent:** Friday, December 30, 2022 10:08
**To:** House, Michael P. (WDC) <MHouse@perkinscoie.com>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>; Huston, Michael (WDC) <MHuston@perkinscoie.com>
**Cc:** kelly.geddes2@usdoj.gov; Ian McInerney <Ian.McInerney@trade.gov>; Hogan, Tara (CIV) <Tara.Hogan@usdoj.gov>
**Subject:** 22-00348 Oman Fasteners, LLC v. United States

Good Morning,

On Wednesday morning, my colleague Casey Cheevers emailed you requesting information on whether Plaintiff intended to call live witnesses to testify in support of its PI motion.

The court has instructed me to inform you that unless we hear otherwise from you by 3:00 p.m. today, for purposes of setting the date and manner (Webex versus in-person) for the hearing on your motion, it will assume that Plaintiff does not intend to call any live witnesses.

Please respond to me as Casey is out on leave.

Thank You!

Geoff Goell
Case Manager
U.S. Court of International Trade
212-264-2973

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.