# UNITED STATES COURT OF INTERNATIONAL TRADE
Hon. M. Miller Baker

|  |  |  |
|---|---|---|
| OMAN FASTENERS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No. 22-00348 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| MID CONTINENT STEEL & WIRE, INC., | ) ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## OMAN FASTENERS, LLC'S REPLY IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

Plaintiff Oman Fasteners, LLC ("Oman Fasteners") submits this brief reply in support of its Motion to Take Judicial Notice ("Motion") (ECF No. 84), to address Defendant-Intervenor Mid-Continent Steel & Wire Inc.'s ("Mid Continent") assertion that Oman Fasteners' Motion "conflicts with Oman Fasteners' presentation of facts to the Court at the February 1, 2023 hearing." *See* Defendant-Intervenor's Opposition to Plaintiff's Motion to

Take Judicial Notice (ECF No. 85) at 2. That is not so. Rather, it appears that Mid Continent misapprehends the evidentiary record.

As the Motion and Mr. Karaga's hearing testimony both made clear, Oman Fasteners' retroactive Section 232 duty liability consists of entries falling into two general categories.

First, Oman Fasteners has already tendered a large sum to secure its Section 232 duty liability on certain past entries. That sum is currently in the custody of either of U.S. Customs and Border Protection (in the case of entries for which Oman Fasteners chose to pay Section 232 duty deposits), or of Oman Fasteners' customs surety (in the case of entries for which Oman Fasteners chose to bond its Section 232 duty liability in lieu of paying duty deposits). As Mr. Karaga explained, the "$46 million in Other Current Assets" reflected in Oman Fasteners' 2022 internal balance sheet (ECF 36-2, Ex. A at 2) "is primarily {these} deposits for Section 232 entries." Tr. 150:1-14; *see also* Tr. 218:5-8 ("Other Current Assets are comprised of things like Section 232 deposits, AD deposits for -- for entries that are not liquidated").

Second, certain other prior Oman Fasteners entries subject to Section 232 duties are not currently secured (*i.e.* Oman Fasteners has not already paid money in the form of cash deposits to Customs and Border Protection

or bond collateral to its surety). As Mr. Karaga explained, Oman Fasteners has set aside $22-23 million of the cash it currently has in the bank in order to pay the "Section 232 deposit or duty that is owed" on these entries. Tr. 213:20-214:3; *see also* Tr. 111:21-112:2 ("we have $23 million potential obligation to the United States for under Section 232 tariffs"); Tr. 154:10-16 (Q: "Alright, so, and then you believe that there's also another outstanding liability of about 23 million for another court case; is that correct?" A: "Yes, that is correct. It's 22 to 23 million.").

Accordingly, as a result of the Federal Circuit's decision in *PrimeSource Building Products, Inc. v. Biden*, No. 2021-2066 (Fed. Cir. Feb. 7, 2023), Oman Fasteners (1) will not receive (from Customs and Border Protection or from its surety) a refund of the money Oman Fasteners has already paid to secure Section 232 entries, *and* (2) have to tender to Customs and Border Protection the additional $22-23 million in security for the currently-unsecured Section 232 entries.

For these reasons, Oman Fasteners' Motion is fully consistent with the evidence presented at the February 1 hearing, including the testimony depicted in Plaintiff's Demonstrative Exhibit 1.

## CONCLUSION

For the reasons set forth in its Motion, Oman Fasteners respectfully requests that the Court take judicial notice of the Federal Circuit's *PrimeSource* opinion.

Dated: February 8, 2023

/s/ Michael R. Huston
Michael R. Huston
**Perkins Coie LLP**
700 Thirteenth St., NW
Washington, D.C. 20005
202-654-6200
mhuston@perkinscoie.com

*Counsel for Oman Fasteners*